FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2014 APR -1 AM 11:45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 1:13CR-24-M

TANTUS TOBACCO, LLC            DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, TANTUS TOBACCO, LLC, (hereinafter TANTUS) by its officer, David Brian Cooper, and its attorneys, David O. Markus, Esq. and A. Margot Moss, Esq. have agreed upon the following:

1. Defendant acknowledges that it has been charged in a Superseding Information with violations of the Contraband Cigarette Trafficking Act, Title 18, United States Code, Sections 2342 and 2344.

2. Defendant is fully aware of the charges contained in the Superseding Information and those charges have been fully explained by the Corporation's counsel in this matter. Defendant fully understands the nature and elements of the crimes charged.

3. At the time of the guilty plea and sentencing hearing TANTUS will appear in Court by counsel and through a representative of the company who is authorized to insure compliance with this Agreement, and will file with the Court a resolution of the Defendant's Board of Directors authorizing the company to enter into this Plea Agreement and enter the guilty plea provided for herein.

1

4. Defendant TANTUS will enter a voluntary plea of guilty to Count 1 of the Superseding Information. Defendant will plead guilty because it is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

Had this case gone to trial, the Government would expect to prove that on the dates alleged in the Indictment, TANTUS TOBACCO, LLC, a cigarette manufacturing facility located in Russell Springs, Kentucky, acting by and through its officers and employees, aided and abetted Jerry Burke and Charles Wells in making and causing to be made false material statements in reports required to be made to governmental tobacco regulatory divisions of the United States and the State of Mississippi pursuant to Title 18 United States Code, § 2343(b)(1)-(3), in violation of Title 18, United States Code, § 2342(b).

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) enforces the Contraband Cigarette Trafficking Act (CCTA) and regulations governing the sale, distribution and shipment of cigarettes. A wholesaler selling cigarettes in Mississippi must file a monthly Tobacco Excise Return with the State Tax Commission showing the number of unstamped cigarettes received that month, plus the cigarettes stamped and available for sale that month, plus the cigarettes sold to licensed wholesalers and exempt persons that month, as well the cigarettes shipped or sold out of state, and the net taxable cigarettes and other pertinent information.

At all relevant times, Jerry Burke was the owner and operator of J&B Wholesale located in Tupelo, Mississippi. J&B Wholesale was a Mississippi corporation in the business of wholesale sales of tobacco products. At the time the investigation began, the major portion of Burke's business involved the practice of "diverting" cigarettes, which is the sale of tobacco products into an MSA state, such as Kentucky, through a non-MSA state, such as Mississippi, so the manufacturer can avoid manufacturer NPM escrow payments. A manufacturer could ship

its products, actually or on paper, to a "non-MSA" state (*e.g.*, Mississippi) and save the estimated $5.00 per carton fee that would normally be due to the manufacturer NPM escrow account. In order for the scheme to work, the wholesaler in the non-MSA state must falsify its monthly tobacco reports and report sales in the non-MSA state. The scheme likewise encompassed false statement/reporting by omission in instances where the wholesaler would simply not report the sale at all. However, the product is actually sold to a wholesaler in an MSA state. Thus, the manufacturer/importer avoids manufacturer NPM escrow payment and the diverter makes a fee. The motivation for the cigarette diversion is to offer cigarettes for sale at lower prices, thereby increasing sales volume and generating higher profits.

From at least January 2008 to May 2008, TANTUS TOBACCO manufactured Berley and Berkley brand cigarettes, which they sold to Charles Wells, a cigarette wholesale distributor in Kentucky. Escrow payments are due on the Berley cigarettes, but not the Berkley. Wells would obtain the cigarettes directly from the TANTUS TOBACCO facility in Kentucky. However, TANTUS TOBACCO aided and abetted the creation of false documentation indicating that the cigarettes had been sold to J&B Wholesale in Mississippi, which false documents were submitted to the State of Mississippi. These false documents allowed TANTUS TOBACCO to avoiding making manufacturer NPM escrow payments on the subject cigarettes and to sell the cigarettes to Wells at a discount. J&B Wholesale, in turn, submitted false and fraudulent Mississippi Tobacco Excise Returns reporting that the cigarettes were received and sold in Mississippi to the State Tax Commission in Mississippi in violation of tobacco sales reporting requirements. These false Mississippi Tobacco Excise Returns were submitted, in whole or in part, due to the cigarette diversion scheme described above in which TANTUS TOBACCO was an active participant.

3

Finally, the Government would ask the Court to take judicial notice that Russell County, Kentucky, wherein a portion of this scheme occurred, is within the Western Judicial District of Kentucky.

5. Defendant understands that the charge to which it will plead guilty carries a statutory maximum fine of $500,000, a five year maximum term of probation, and a Special Penalty Assessment of $400.00.

6. Defendant understands that by pleading guilty, it surrenders certain rights set forth below. Defendant's attorney has explained those rights and the consequences of its waiver of those rights, including the following:

> A. If defendant persists in a plea of not guilty to the charges, it has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that the jury could not convict it unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.
>
> B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of Count 1 of the Superseding Information.

8. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $400 per count for felony offenses committed by an organization, to the United States District Court Clerk's Office by the date of sentencing.

9. The United States and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

a. <u>Forfeiture</u>

Defendant Tantus agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control: **MONEY JUDGMENT IN THE AMOUNT OF $490,000.** Defendant Tantus agrees to pay this money judgment on or before the date of sentencing, in the form of a certified check made payable to the United States Marshals Service. Defendant understands that failure to pay by the date of sentencing constitutes a material breach of this Agreement. Defendant Tantus agrees to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

b. <u>Restitution</u>

In addition to the forfeiture of the $490.000, that the defendant TANTUS agrees to pay restitution in the total amount of $260,000.00, due and payable by the date of sentencing in the form of a certified check. Failure to pay restitution by sentencing constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement, but the Defendant may not withdraw his guilty plea because of its breach. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or on behalf of the following victim(s):

1. $200,000.00 to the Kentucky Excise Tax Division
2. $60,000.00 to the Kentucky Attorney General's Office.

The parties hereby agree that the Kentucky Attorney General's Office expended at least $60,000 in investigative costs to help investigate and prosecute this case. That upon entry of this plea agreement, The United States will dismiss the charges filed against David Brian Cooper and George Bertram in this matter.

10. In light of the extent of the forfeiture and restitution agreed to in the case, the United States agrees that there should be no fine imposed as part of Defendant's sentence.

11. Both parties have independently reviewed Chapter 8 of the Sentencing Guidelines, Sentencing of Organizations, as well as the applicable maximum fine applicable in this case, and in their best judgment and belief, conclude that the forfeiture agreed to and referenced in paragraph 9 is fair.

12. Defendant is aware of the right to appeal this conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and

voluntarily waives the right (a) to directly appeal this conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack this conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void, neither party shall be bound thereto, the Defendant will be permitted to withdraw its plea of guilty and the United States will be free to continue its investigation which could lead to the prosecution of persons not named in the Indictment upon which this plea is based. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), Defendant will be given the opportunity to withdraw its guilty plea.

15. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant has informed the United States Attorney's Office and the Probation Officer, either directly or through its attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence including departures or variances from the guidelines. If Defendant argues for any sentence other than the one to which has been agreed, it is in breach of this Agreement.

16. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:
DAVID J. HALE
United States Attorney

By:

_____    _4-1-14_____
Robert Mims                   Date
Special Assistant U.S. Attorney

    As Defendant's representative, I have read this Agreement and carefully reviewed every part of it with the attorney for TANTUS. As Defendant's representative, I represent that TANTUS fully understands this Agreement and as authorized by TANTUS, I voluntarily agree to it on behalf of the Defendant.

_____    _4/1/14_____
David Brian Cooper            Date
Representative for Defendant
TANTUS TOBACCO, LLC.

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one, and has been authorized by my client.

_____  
David O. Markus  
Counsel for Defendant  
TANTUS TOBACCO, LLC.

4/1/14  
Date

_____  
A. Margot Moss  
Counsel for Defendant  
TANTUS TOBACCO, LLC.

4/1/14  
Date

CGH:rr:ls 3/27/14